IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| RECEE M. REED, | § | |
| | § | |
| *Plaintiff*, | § | |
| | § | |
| v. | § | CASE NO. 3:12-CV-04065-K-BK |
| | § | |
| TSA STORES, INC. #210, | § | |
| | § | |
| *Defendant*. | § | |
| | § | |

## DEFENDANT'S BRIEF IN SUPPORT OF ITS OPPOSED RULE 37 MOTION FOR SANCTIONS AND/OR TO COMPEL DISCOVERY

COMES NOW Defendant TSA Stores, Inc. #210 ("TSA"), pursuant to Federal Rule of Civil Procedure 37, moving this Court to (1) impose sanctions on Plaintiff and/or (2) compel Plaintiff Recee M. Reed to provide full and complete answers to TSA's First Set of Interrogatories and First Request for Production of Documents and to complete her deposition. In support of this Motion, TSA respectfully shows the Court as follows:

### I.   PROCEDURAL BACKGROUND

TSA offers the following summary of its efforts to obtain discovery from Plaintiff to underscore the urgency and necessity of seeking Court intervention:

A. Plaintiff filed this lawsuit on October 11, 2012, alleging employment discrimination based upon race, age, gender, and color, as well as disability discrimination and retaliation.

B. Also on October 11, 2012, Plaintiff filed a Motion for Appointment of Counsel. (Doc. 4) She failed to submit an affidavit or any other materials to support that Motion, and

offered no detail or explanation as to what efforts, if any, she had made to obtain counsel.

C. On October 18, 2012, the Court denied Plaintiff's Motion for Appointment of Counsel based on her failure to either: (1) explain her efforts, if any, to obtain counsel, or (2) demonstrate sufficient circumstances warranting the appointment of counsel. (Doc. 6).

D. Plaintiff filed a second Motion for Appointment of Counsel on November 7, 2012. (Doc. 9). Yet again, she failed to submit an affidavit or any other materials to support the Motion, and offered no detail or explanation as to what efforts, if any, she had made to obtain counsel.

E. On November 8, 2012, the Court again denied Plaintiff's Motion for Appointment of Counsel based on failure to properly fill out the form, stating "As previously ordered by the Court, Plaintiff must explain her efforts to obtain counsel and show sufficient circumstances warranting the appointment of counsel." (Doc. 11).

F. On January 7, 2013, the Court entered a Scheduling Order, which includes the following (imminent) pretrial deadlines:

   1. Discovery shall be completed by July 31, 2013.
   2. Motions to compel discovery shall be filed by June 26, 2013.
   3. Dispositive motions shall be filed by August 30, 2013.

(Doc. 19).

G. On February 7, 2013, TSA served its First Set of Interrogatories and First Request for Production upon Plaintiff. Her responses were due by March 12, 2013. (App. 001-043)

H. When TSA received no response whatsoever from Plaintiff to either the Interrogatories or the Request for Production by April 10, 2013 – nearly one month after the due date – TSA's counsel wrote to Plaintiff to notify her about this noncompliance, and requested

that Plaintiff "[p]lease provide your full and complete answers to these discovery requests no later than April 19, 2013, or we will seek appropriate sanctions from the Court." (App. 044-046).

I. In the April 10, 2013 letter to Plaintiff, TSA's counsel also enclosed a Notice of Oral Deposition to take Plaintiff's deposition on April 25, 2013, beginning at 10:00 a.m. (App. 044-046).

J. On April 25, 2013, Plaintiff appeared at the offices of TSA's counsel approximately 45 minutes late. As a result, TSA's counsel did not commence Plaintiff's deposition until nearly 11:00 a.m., an hour later than the scheduled start time. (App. 047-050).

K. Just over two hours after her deposition commenced, Plaintiff announced that she would be unable to continue the deposition, stating, "I need a nap." (App. 047). Despite having scheduled both a court reporter and videographer for the full day, TSA's counsel agreed to accommodate Plaintiff, and adjourn the deposition with the understanding it would be resumed within a few days.

L. Also on April 25, 2013, Plaintiff provided her unsworn, handwritten responses to some of TSA's Interrogatories. (App. 051-077). Although Plaintiff provided *partial* responses to Interrogatory Nos. 1, 2, 3, 4, 5, 7, 9, 10, 11, 12, 13, 14, 17, 18, and 21, the following examples of those partial responses demonstrate their lack of completeness and/or responsiveness:

INTERROGATORY NO. 3: Give the names, addresses, and telephone numbers of all doctors, psychologists, psychiatrists, counselors, substance abuse experts, and any other medical or healthcare providers (if provider is unknown, please provide the name of the clinic, hospital or treatment facility) who has evaluated or treated you during the past ten years. Regarding each person listed in response to this interrogatory, state the nature of treatment received, the dates of all treatments received, and whether you have any plans or appointments scheduled to see that healthcare provider in the future.

**ANSWER:**  Dr. Kaye

(App. 058).

INTERROGATORY NO. 7:  State the amount of money you have received from any source since your employment with Defendant ended. In doing so, fully describe and separately list all sources of income and money such as from employment, severance pay, pensions, interest earned, investments, social security, gifts, loans, or other.

**ANSWER:**     **Social Security**
            **Disability**
            **Unemployment**

(App. 062).

INTERROGATORY NO. 9:  Separately describe each and every act, event, occurrence or factual transaction that forms the basis of your claim that Defendant discriminated against you because of your gender. As to each, please state: the date of occurrence or your observation; the location of the act, event, occurrence or transaction; the identity of the individual(s) who engaged in each such act, event or occurrence; the identity of all persons witnessing the subject act, event, occurrence or transaction; the identity of all persons otherwise having personal knowledge of any such act, event, occurrence or transaction; and whether you reported each allegedly discriminatory act to any officials or managers at Defendant and, if so, when and to whom you so reported.

**ANSWER:**     **Kendra West**
            **Mark Flynn**
            **Danny Tetro**
            **Craig**
            **Cindy**
            **Amy**
            **Rob**
            **Bill Ball**
            **Monica**
            **Leslie**

(App. 064).

INTERROGATORY NO. 10:  Separately describe each and every act, event, occurrence or factual transaction that forms the basis of your claim that Defendant discriminated against you because of your race. As to each, state: the date of occurrence or your observation; the location of the act, event, occurrence or transaction; the identity of the individual(s) who engaged in each such act, event or occurrence; the identity of all persons witnessing the subject act, event, occurrence or transaction; the identity of all persons otherwise having personal knowledge of any such act, event, occurrence or transaction;

and whether you reported each allegedly discriminatory act to any officials or managers at Defendant and, if so, when and to whom you so reported.

**ANSWER:**   Kendra

(App. 065).

INTERROGATORY NO. 11:  Separately describe each and every act, event, occurrence or factual transaction that forms the basis of your claim that Defendant discriminated against you because of your color.  As to each, please state: the date of occurrence or your observation; the location of the act, event, occurrence or transaction; the identity of the individual(s) who engaged in each such act, event or occurrence; the identity of all persons witnessing the subject act, event, occurrence or transaction; the identity of all persons otherwise having personal knowledge of any such act, event, occurrence or transaction; and whether you reported each allegedly discriminatory act to any officials or managers at Defendant and, if so, when and to whom you so reported.

**ANSWER:**  Yolanda Hired  1. _____ and
As              2. _____ Promoted
                3. _____ Job
                4. _____ Titles
                5. _____ To the
                6.              following
                7.

(App. 066).

M. Plaintiff provided no response whatsoever to Interrogatory Nos. 6,  8, 15, 16, 19, and 20. (App. 061, 063, 070, 071, 074, 075).

N. Plaintiff has not provided any written responses or objections to TSA's Request for Production, although she produced copies of a very few documents on the first day of her deposition (April 25, 2013) that she represented were responsive to some unspecified Request.

O. Thereafter, TSA's counsel noticed the resumption of Plaintiff's deposition for May 10, 2013 at 10:00 a.m.  (App. 047).  Anticipating the possibility of Plaintiff's nonappearance, TSA's counsel's office contacted Plaintiff on May 9, 2013, to confirm her intention to appear for resumption of the deposition on the next day as noticed.  Plaintiff confirmed in

**DEFENDANT'S BRIEF IN SUPPORT OF ITS OPPOSED RULE 37 MOTION FOR SANCTIONS AND/OR TO COMPEL DISCOVERY — Page 5**
44986v1

    the phone call that she would indeed appear for the May 10, 2013 deposition. (App. 048).

P.  However, the next day – approximately 30 minutes before the deposition was scheduled to commence – Plaintiff called TSA's counsel office to announce that she did not feel well enough to attend the deposition. (App. 048). TSA's counsel agreed to reschedule the resumption of Plaintiff's deposition one final time, explaining to Plaintiff the necessity of completing discovery within the time set by the Court's Scheduling Order and Plaintiff's obligations under the applicable rules of procedure and the Court's Orders. (App. 048).

Q.  Also on May 10, 2013, TSA's counsel wrote to Plaintiff both to: (1) recap her repeated noncompliance with the discovery rules, and (2) notify her that he would resume, and complete, her deposition on May 15, 2013 commencing at 10:00 a.m. In that letter, TSA's counsel warned Plaintiff: "If you do not appear for (and allow us to complete) the deposition at that time, we will have no choice but to seek sanctions from the Court against you for failure to cooperate. This will include asking that your case be dismissed, and for court costs and fees." (App. 048). Counsel further advised Plaintiff that TSA would ask that the Court assess TSA's court reporter and videographer fees and similar costs against Plaintiff if she failed to appear for completion of her deposition.

R.  On May 15, 2013, Plaintiff appeared at the office of TSA's counsel *nearly one hour late* to resume her deposition. As a result, Plaintiff's testimony began at 10:59 a.m. (App. 078, 079-085).

S.  Almost the entirety of the fifteen minutes during which TSA's counsel attempted to question Plaintiff was spent trying to elicit Plaintiff's answer to whether she had signed a

Request for Copy of Tax Return, a Request for Social Security Earnings Information, or an Authorization to Disclose Protected Health Information (marked as Deposition Exhibits 11, 12, and 13), (App. 086-088) which TSA's counsel previously provided to Plaintiff in its unanswered document production request.  (App. 078, 079-085)   Her answers included that she did "not intend to provide [Defendant's counsel] with anything that [Defendant] can use for interrogation … about my history with the company," and that she refuses to sign Exhibits 11, 12, and 13 other than "in the courtroom before the judge."  (App. 078, 083)

T. Otherwise, Plaintiff's answers to Defendant's counsel's questions were generally nonresponsive, argumentative, and perhaps best characterized as a rant.  She continuously interrupted TSA's counsel.  At one point, she announced that she "would like to further delay this deposition on the cause that I need to inform Judge Renee about amended motion, brief, and pleadings and affidavits."  (App. 078, 083)   Her conduct throughout the brief deposition was utterly contumacious and confrontational.

U. As a result of Plaintiff's wholesale lack of cooperation and refusal to abide by any applicable discovery rules, TSA's counsel terminated the deposition at 11:14 a.m., after Plaintiff stated that she feels she has "a freedom of speech," and that "[the deposition] is supposed to be a discussion," and "[w]e're not in a courtroom at this time."  (App. 078, 084)

V. Later the same day, Plaintiff filed an "Amended Motion and Brief Pleading."  (Doc. 24).  Although it is difficult to interpret the intent of that submission, it appears that Plaintiff sees some connection between it and TSA's discovery requests.  Among other statements in that submission, Plaintiff  nonsensically (or incomprehensibly) states as follows:

> Note: Defendant will not provide exibits & video/stenography for my records to review.
>
> 1. Interrogation: Defendant not following receive document of questions and request of document.

And on the last page of the submission entitled "Amended Pleadings," in connection with what appears to be Plaintiff's attempt to "Request a Summary of Judgment," she states,

> 1. Conflict of interest w/ Defendant Atty
>    Threaten to dismissal & Request Santion
>    I am agreeable w/ Representation & Defendant Authorization for other mediations or negotiation at cost of by Bibolar Disability & Logical understanding from Atty. Abcarian [TSA's lead counsel].

(Doc. 24 at 5).

## II.   ARGUMENT AND AUTHORITIES

FED. R. CIV. P. 37(d) vests the Court with broad discretion to fashion an appropriate sanction for a party's failure to appear for deposition after being served with proper notice, or for failure to serve answers, objections, or other written responses after being served with written discovery. Appropriate sanctions may include:

- Prohibiting the disobedient party from supporting or opposing designated claims or defenses, or from introducing designated matters in evidence;

- Striking pleadings in whole or in part; or

- Dismissing the action in whole or in part.

FED. R. CIV. P. 37(d)(3) (referencing available sanctions under Rule 37(b)(2)(A)(i)-(vi)). The Rule further provides that:

> Instead of or in addition to these sanctions, the court must require the party failing to act, the attorney advising that party, or both to pay the reasonable expenses, including attorney's fees, caused by the failure, unless the failure was substantially justified or other circumstances make an award of expenses unjust.

**DEFENDANT'S BRIEF IN SUPPORT OF ITS OPPOSED RULE 37 MOTION FOR SANCTIONS AND/OR TO COMPEL DISCOVERY — Page 8**
44986v1

Id. *See generally Flaksa v. Little River Marine Constr. Co.*, 389 F.2d 885, 887 (5th Cir. 1968) (noting that the court's authority to enter default judgment for failure to comply with discovery orders emanates from both the federal rules and the court's inherent power). And although *pro se* parties, such as Plaintiff here, may enjoy some leniency, they "have no license to harass others, clog the judicial machinery with meritless litigation, and abuse already overloaded court dockets." *Farguson v. Mbank Houston, N.A.*, 808 F.2d 358, 359 (5th Cir. 1986). *See also Parson v. Wilmer Hutchins ISD*, No. 3:03-CV-0492, 2005 U.S. Dist. LEXIS 2309, at *13 (N.D. Tex. Feb. 17, 2005) (Boyle, J.) Indeed, district courts in the Fifth Circuit have imposed significant sanctions, including dismissal of claims, against *pro se* litigants when faced with similarly abusive litigation tactics. *See, e.g., Anthony v. Marion Cty. Genl. Hosp.*, 617 F.2d 1164, 1169 (5th Cir. 1980); *Woods v. Chief of Police, Texas City*, No. 3-08-0042, 2009 U.S. Dist. LEXIS 22684, at *4-6 (S.D. Tex. March 20, 2009)(dismissal following *pro se* plaintiff's refusal to participate in a deposition); *Parson*, 2005 U.S. Dist. LEXIS 2309, at *14-15 (dismissing *pro se* plaintiff's claims with prejudice).

As demonstrated above, Plaintiff has intentionally and contumaciously avoided complying with her discovery response obligations under the Federal Rules of Civil Procedure by repeatedly refusing to appear for a properly noticed deposition, refusing to answer properly propounded questions posed by TSA's counsel during her deposition, refusing to complete her deposition, and refusing to provide full and complete answers to TSA's properly served written discovery requests. Her willful noncompliance and wholesale uncooperativeness have substantially prejudiced TSA, as she continues to impede its ability to gather facts, documents, and information to enable it to fully and fairly defend Plaintiff's claims on the pretrial schedule ordered by the Court. Plaintiff's disregard for the discovery process has also caused delay in

these proceedings, as TSA has lost valuable time during the discovery period with little-to-no fruitful result for its efforts.

Moreover, although of no apparent concern to Plaintiff, her failure to comply with this Court's Orders and applicable discovery rules has resulted in significant and unnecessary expenditure of time, effort and money by TSA, particularly (but not limited to) additional court reporter and videographer fees, as well attorney's fees spent in following up with Plaintiff and now, as a matter of last resort, moving for Court intervention and sanctions.

### III.   CONCLUSION

For these reasons, TSA requests that the Court grant Defendant's Motion and impose the sanctions requested therein.

Respectfully submitted,

*/s/ Michael V. Abcarian*
Michael V. Abcarian
Texas Bar No. 00799900
Janet A. Hendrick
Texas Bar No. 01394190
Fisher & Phillips LLP
500 North Akard Street, Suite 3550
Dallas, Texas 75201
Telephone: (214) 220-9100
Facsimile: (214) 220-9122
mabcarian@laborlawyers.com

**ATTORNEYS FOR DEFENDANT**

## CERTIFICATE OF SERVICE

I hereby certify that on this 24th day of May, 2013, a true and correct copy of the foregoing has been served upon Plaintiff this same day via U.S. First Class Certified Mail, Return Receipt Requested, addressed as follows:

Recee M. Reed
5811 Pineland #2149
Dallas, TX 75231

*/s/ Michael V. Abcarian*
Michael V. Abcarian