IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

**RECEE M. REED,**

    **Plaintiff,**

v.                                                                  **3:12-CV-04065-K-BK**

**TSA STORES, INC.,**

    **Defendant.**

## FINDINGS, CONCLUSION AND RECOMMENDATION

Pursuant to *Special Order 3-283*, this case has been referred to the undersigned for pretrial management. Plaintiff, who is proceeding without the assistance of counsel, filed this action in October 2012, raising claims of employment discrimination based on race, disability, gender, and age. (Doc. 3 at 1). In January 2013, the undersigned entered a *Scheduling Order*, providing that discovery had to be completed by July 31, 2013. (Doc. 19). In May 2013, Defendant filed its *Rule 37 Motion for Sanctions and/or to Compel Discovery*. (Doc. 26). In its motion, Defendant stated that Plaintiff had not properly responded to written discovery or allowed her deposition to be taken. *Id.* at 2-6. Defendant requested that the Court either (1) compel Plaintiff to provide full answers to its written discovery and complete her deposition; or (2) impose sanctions on Plaintiff, including dismissal of this case. *Id.* at 1.

Plaintiff was required to file her response to Defendant's motion by June 14, 2013 if she opposed the relief Defendant requested, but she did not do so. *See* N.D. TEX. LOCAL RULE 7.1(e) (establishing deadlines for filing responses to motions). Accordingly, this Court gave Plaintiff another opportunity to respond to the motion by July 22, 2013, if she was opposed to the relief Defendant sought. (Doc. 28). The undersigned warned Plaintiff that, if she did not respond, she risked the entry of sanctions against her, including the possible dismissal of her case and an

award against her of the attorneys' fees and costs that Defendant incurred due to her failure to participate in discovery. *Id.* at 3. The July 22 deadline has now passed, and Plaintiff did not respond as ordered.

Federal Rule of Civil Procedure 41(b) permits a court to dismiss an action with prejudice for, *inter alia*, failure to prosecute or comply with the rules of civil procedure. A Rule 41(b) dismissal is appropriate where there is a clear record of delay or contumacious conduct by the plaintiff and the court finds that lesser sanctions would not suffice. *Berry v. CIGNA/RSI-CIGNA*, 975 F.2d 1188, 1191 (5th Cir. 1992). Generally, the court must find one or more of the following aggravating factors: (1) delay attributable to the plaintiff, not to her attorney; (2) actual prejudice to the defendant; and (3) delay caused by intentional misconduct. *Id.*

Additionally, a court may order sanctions if a party (1) fails to appear for a deposition after being served with proper notice; or (2) fails to respond to interrogatories. FED.R.CIV.P. 37(d)(1)(A). In order to award Defendant the harshest sanction of a dismissal with prejudice, a number of criteria must be met. Similar to the standard under Rule 41(b), the Court must find that Plaintiff's discovery violation resulted "from willfulness or bad faith and is accompanied by a clear record of delay or contumacious conduct." *See FDIC v. Conner*, 20 F.3d 1376, 1380 (5th Cir. 1994) (internal quotation marks and citation omitted). Second, the Court must determine that a lesser sanction would not substantially achieve the desired deterrent effect. *Id.* at 1380-81. Other considerations include whether the discovery violation prejudiced Defendant's preparation for trial and whether the violation is attributable to an attorney or to the party herself. *Id.*

As detailed in the Court's prior order and as discussed more fully below, the *pro se* Plaintiff has not cooperated with defense counsel in the discovery process. (Doc. 28 at 2). She has served untimely and wholly inadequate responses to Defendant's interrogatories. As for her

2

three depositions, Plaintiff either terminated, unilaterally cancelled at the last minute, or behaved in such an argumentative fashion that Defendant felt compelled to terminate the proceeding. *Id.* Additionally, Plaintiff failed to respond to Defendant's discovery motion and then failed to comply with this Court's order directing a response. Accordingly, the Court finds that sanctions are warranted at this time and that the sanction of dismissal with prejudice is justified.

As an initial matter, Plaintiff's discovery violations have been intentional and willful. *Conner*, 20 F.3d at 1380; *Berry*, 975 F.2d at 1191. Plaintiff was advised by defense counsel about her need to respond to written discovery and the appropriate deadline, yet she did not adequately or timely comply, either submitting utterly incomplete responses or refusing to produce requested documents altogether. (Doc. 27-1 at 1, 44, 47-48, 56-66, 70-76, 82-85). Additionally, Plaintiff terminated her first deposition, stating that she needed a nap. *Id.* at 47. She unilaterally cancelled her second deposition 30 minutes prior to the time it was supposed to start. *Id.* at 48. Plaintiff then behaved in a contumacious and argumentative fashion at her last deposition, causing defense counsel to terminate the proceeding when Plaintiff continuously refused to execute documents that are directly relevant to her prosecution of this employment discrimination action, namely forms authorizing Defendant to obtain copies of her tax return, Social Security earnings information, and her health records. *Id.* at 82-88. Plaintiff's actions have delayed the proceedings and prejudiced Defendant's ability to prepare its case for trial and move for summary judgment by the Court-imposed deadline of August 30, 2013. (Doc. 19); *Conner*, 20 F.3d at 1380; *Berry*, 975 F.2d at 1191.

Further, the Court finds that lesser sanctions will not suffice. *See Conner*, 20 F.3d at 1380-81; *Berry*, 975 F.2d at 1191. Plaintiff has been repeatedly threatened with sanctions by both defense counsel and the Court to no avail. *See* Doc. 27 and Doc. 28. Nothing suggests that

further warnings or lesser sanctions would be effective. Accordingly, for the reasons set forth above, the Court finds that dismissal with prejudice under both Rule 37 as a discovery sanction and under Rule 41 for failure to comply with the Federal Rules of Civil Procedure and to prosecute her case is warranted.

**SO RECOMMENDED** on August 30, 2013.

_____
RENÉE HARRIS TOLIVER
UNITED STATES MAGISTRATE JUDGE

**INSTRUCTIONS FOR SERVICE AND**
**NOTICE OF RIGHT TO APPEAL/OBJECT**

A copy of these findings, conclusions and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of these findings, conclusions and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's findings, conclusions and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Servs. Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

_____
RENÉE HARRIS TOLIVER
UNITED STATES MAGISTRATE JUDGE